# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD, | Case No.: 1:14-cv-1689-LJO-BAM (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS FOR THE APPOINTMENT OF COUNSEL |
| v. | |
| M. MARCHAK, | (ECF Nos. 16, 20) |
| Defendants. | |

Plaintiff Raymond Alford Bradford is state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before the Court are Plaintiff's motions for the appointment of counsel, filed January 17, 2011 (ECF No. 16), and May 9, 2017 (ECF No. 20). Each of Plaintiff's requests for appointed counsel were made in objections to screening orders issued by the District Judge in this case.

On May 15, 2017, the District Judge issued an order finding service of Plaintiff's second amended complaint appropriate for certain claims, addressed other filings by Plaintiff, and referred Plaintiff's requests for the appointment of counsel to the undersigned. (ECF No. 22.)

///

1

Regarding Plaintiff's request for the appointment of counsel, Plaintiff asserts in support that he is not an attorney, he is on involuntary psychotropic medication, and he suffers from side effects from his medication, such as chest pain, blurred vision, headaches, and dizziness.

**A.   Legal Standards**

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

**B.   Discussion**

In this case, the Court does not find the required exceptional circumstances for the appointment of counsel. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court has found that Plaintiff's case shall proceed on a claim for violation of the Eighth Amendment for deliberate indifference to harm, and the limited record in this case shows that Plaintiff is able to articulate his claims and arguments, and the legal issue he proceeds upon is not complex.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Although the Court has determined Plaintiff has stated claims which may proceed in litigation, it has not determined that those claims have a likelihood of being ultimately successful. The Court is also cognizant of Plaintiff's medical condition, and advises Plaintiff that should he require a brief extension of time or other reasonable accommodation to comply with any deadline or court order, he may request one upon a showing of good cause.

Accordingly, Plaintiff's requests for the appointment of counsel, (ECF Nos. 16, 20), are HERBY DENIED.

IT IS SO ORDERED.

Dated: **May 17, 2017**         /s/ *Barbara A. McAuliffe*
                                UNITED STATES MAGISTRATE JUDGE