# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>    Plaintiff,<br><br>v.<br><br>M. MARCHAK,<br><br>    Defendants. | Case No.: 1:14-cv-1689-LJO-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S FOURTH MOTION FOR THE APPOINTMENT OF COUNSEL<br><br>(ECF No. 52) |

    Plaintiff Raymond Alford Bradford is state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    Currently before the Court is Plaintiff's fourth motion for the appointment of counsel, filed October 12, 2017 (ECF No. 52.) In support of his motion, Plaintiff asserts that he is unable to afford counsel and has been unable to obtain counsel on his own, that his imprisonment limits his ability to litigate, that the issues in this case are complex, and he has limited legal knowledge and access to legal resources. Plaintiff also asserts that he is currently medicated with psychotropic drugs. Plaintiff argues that an attorney could better present his case at trial.

    As Plaintiff has been previously informed, he does not have a constitutional right to appointed counsel in this action. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998). The court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. §1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the

1

voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In this case, the Court does not find the required exceptional circumstances for the appointment of counsel. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. A review of the record in this case shows that Plaintiff is able to articulate his claims and arguments, and the legal issue he proceeds upon is not complex. Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Although Plaintiff has stated a cognizable claim, it has not determined that those claims have a likelihood of being ultimately successful. The Court is also cognizant of Plaintiff's medical condition, and advises Plaintiff that should he require a brief extension of time or other reasonable accommodation to comply with any deadline or court order, he may request one upon a showing of good cause. In sum, the Court finds no change in circumstances from the time that Plaintiff's prior requests for appointed counsel were denied that would require the search for volunteer counsel in this case.

Accordingly, Plaintiff's motion for the appointment of counsel, (ECF No. 52), are HEREBY DENIED.

IT IS SO ORDERED.

Dated: **October 15, 2017**   /s/ *Barbara A. McAuliffe*
  UNITED STATES MAGISTRATE JUDGE