# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD, | Case No.: 1:14-cv-01689-LJO-BAM (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT TO ADD DUE PROCESS CLAIMS |
| v. | |
| M. MARCHAK, et al., | [ECF No. 35] |
| Defendants. | |

## I. Introduction

Plaintiff Raymond Alford Bradford is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's second amended complaint against Defendants Marchak, Grewal, Depovic, and Clausell for the unnecessary and wanton infliction of pain in violation of the Eighth Amendment. (ECF No. 21.)

Currently before the Court is Plaintiff's motion for leave to amend the complaint to add due process claims. (ECF No. 35.) Plaintiff also lodged a proposed third amended complaint. (ECF No. 36.) Defendant Grewal filed an opposition to Plaintiff's motion, (ECF No. 38), which Plaintiff moved to strike, (ECF No. 41). That motion to strike was denied by a separate order, but the Court will consider Plaintiff's arguments in reply to Defendant Grewal's opposition. Defendants Marchak, Depovic, and Clausell also filed a joint opposition to Plaintiff's motion. (ECF No. 42.) The motion is deemed submitted. Local Rule 230(l).

## II. Discussion

Plaintiff asserts in his motion that he seeks to amend his complaint to add a due process claim, as set forth in his proposed third amended complaint. With regard to due process, Plaintiff alleges in

the proposed third amended complaint that he was denied a fair hearing because Defendants lied to an unnamed Administrative Law Judge in a hearing for renewal of a *Keyhea* order.

Defendants oppose the motion, argue that these allegations are identical to allegations that Plaintiff previously pleaded. They further argue that the Court has previously held such a claim cannot be brought in this action, and has repeatedly dismissed the claim without leave to amend. Therefore, his proposed amendment is both futile and barred by the law of the case. Defendant Grewal also seeks an extension of time to answer the second amended complaint due to the pendency of Plaintiff's motion for leave to amend.

In reply, Plaintiff asserts that the District Judge gave no legal reason for his prior rulings, and that the Defendants' oppositions lack merit. Plaintiff also opposes Defendant Grewal's request for an extension of time to answer the second amended complaint.

Under Federal Rule of Civil Procedure 15, a party may amend its pleading once as a matter of course within 21 days after serving it or, if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). The "court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint," *Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco*, 792 F.2d 1432, 1438 (9th Cir. 1986).

Here, Plaintiff was twice previously granted leave to amend, and therefore may amend only with the Court's leave. In screening Plaintiff's first amended complaint, the Court ruled that he "may be able to state a due process claim, but not against the Defendants named in this action. Therefore, he was provided the relevant standards, and his due process claim was dismissed with leave to amend. (ECF No. 19.) In screening Plaintiff's second amended complaint, the Court ruled that to the extent his

claim was premised on Defendants' false testimony at the *Keyhea* proceedings, Defendants were absolutely immune from such claims, and therefore he could not bring such claims. (ECF No. 22, at 2-3.) The Court further found that with respect to any assertions that a petition for involuntary commitment was used against him in violation of his Fourteenth Amendment rights, he had failed to allege facts showing that the proceeds were terminated in his favor, which is required to state such a claim. (*Id*. at 3.) Therefore, his claims were dismissed without further leave to amend, and this action was ordered to proceed only on his Eighth Amendment claim. (*Id*.)

Plaintiff's proposed third amended complaint and attempt to add a due process claim is therefore futile, as he is re-pleading allegations which the Court previously found insufficient to state a claim. Contrary to Plaintiff's assertions, legal standards and reasoning were provided to him, and despite an opportunity to amend, he was found to be unable to state a due process claim. Even if the Court liberally construes Plaintiff's motion as a motion for reconsideration, he has not shown any error in the prior ruling or presented any other grounds for reconsideration. *See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co*., 571 F.3d 873, 880 (9th Cir. 2009) ("A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.") (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). For these reasons, Plaintiff's motion for leave to amend shall be denied.

Further, the Court finds that Defendant Grewal provided sufficient good cause for the requested extension of time to answer the second amended complaint, as it would have been a waste of resources to require a response to the second amended complaint if the third amended complaint had been permitted. Accordingly, as the Court has now ruled on Plaintiff's motion, Defendant Grewal's answer will be due within fourteen (14) days of the date of this order.

### III. Conclusion

For the reasons explained above, the Court HEREBY ORDERS that:

1. Plaintiff's motion for leave to amend complaint to add due process claims (ECF No. 35), is denied; and

///

2. Defendant Grewal's answer to the second amended complaint is due within fourteen (14) days of the date of service of this order.

IT IS SO ORDERED.

Dated: **March 29, 2018**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE