UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>  Plaintiff,<br><br>v.<br><br>M. MARCHAK,<br><br>  Defendants. | Case No.: 1:14-cv-1689-LJO-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO STRIKE<br><br>(ECF Nos. 41, 58, 59, 73, 75, 76, 86, 87, 91, 106, 107, 112, 116, 117, 125, 127, 128, 134, 139, 140, 158, 159, 173, 174, 178, 179, 180, 181, 182, 187, 190, 191, 192, 193, 194, 202, 206, 207, 213, 214, 215, 216, 235, 246, 247, 248, 249, 250, 251, 252, 253) |

  Plaintiff Raymond Alford Bradford is state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

  Currently before the Court are Plaintiff's numerous motions to strike Defendants' oppositions, motions, and declarations in support of oppositions or motions in this case. Plaintiff has filed numerous motions to strike almost every pleading filed by Defendants. These motions are generally made on the basis that Plaintiff disagrees with the opposing party, or he uses the motion to reiterate his original motion, or he objections on the basis that more than party has jointly filed a pleading. None of these are sufficient reasons to strike any of Defendants' filings.

  Under this Court's rules, a party generally may file a motion submitted upon the record without oral argument, unless otherwise ordered by the court. An opposing party may serve and file an opposition within twenty-one (21) days, and the moving party may serve and file a reply to an

1

opposition within seven (7) days after the opposition has been filed. Local Rule 230(l). Plaintiff may not move to strike an opposition merely because it responds to a motion and opposes granting the relief he seeks.

Many of Plaintiff's motions appear to present arguments in reply to an opposition. To the extent the Court is able to do so, it will liberally construe his pleadings as replies in support of his motions, on account of his *pro se* status. However, Plaintiff is instructed that any opposition to a motion should be filed as such, and any reply to an opposition should be filed as a reply. These filings should not be filed as motions to strike. Plaintiff is further warned that filing additional baseless motions, needless multiplying the proceedings, wasting judicial resources, or otherwise submitting filings in bad faith or for the purpose of harassment, will subject a party to sanctions.

Accordingly, Plaintiff's motions to strike, (ECF Nos. 41, 58, 59, 73, 75, 76, 86, 87, 91, 106, 107, 112, 116, 117, 125, 127, 128, 134, 139, 140, 158, 159, 173, 174, 178, 179, 180, 181, 182, 187, 190, 191, 192, 193, 194, 202, 206, 207, 213, 214, 215, 216, 235, 246, 247, 248, 249, 250, 251, 252, 253), are HERBY DENIED.

IT IS SO ORDERED.

Dated: **April 2, 2018**      /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE