**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAYMOND ALFORD BRADFORD, | Case No.: 1:14-cv-01689-LJO-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF PLAINTIFF'S REQUESTS FOR A PRELIMINARY INJUNCTION |
| v. | |
| M. MARCHAK, et al., | [ECF Nos. 39, 51, 54, 70, 71] |
| Defendants. | |

## I. Introduction

Plaintiff Raymond Alford Bradford is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's second amended complaint against Defendants Marchak, Grewal, Depovic, and Clausell for the unnecessary and wanton infliction of pain in violation of the Eighth Amendment. (ECF No. 21.) These claims arise out of allegations that Defendants false statements in multiple *Keyhea* petitions, and falsely testified at the proceedings on the petitions, which led to Plaintiff's court-order involuntary medication that has caused him various injuries.[1]

Currently before the Court is Plaintiff's motion for preliminary injunction, filed on September 18, 2017, seeking to stay his court-ordered involuntary medication. (ECF No. 39.) Defendant Grewal

---

[1] *Keyhea v. Rushen*, 178 Cal. App. 3d 527, 527 (1986), in which the California Court of Appeal held that "state prisoners presently have a statutory right to refuse long-term treatment with psychotropic drugs absent a judicial determination that they are incompetent to do so."

filed an opposition on October 9, 2017, (ECF No. 50), along with a request for judicial notice in support of the opposition, (ECF No. 47).[2]

On October 10, 2017, Plaintiff filed a motion entitled, "Motion for Protective Order pursuant to Fed. R. Civ. P. 26(c)(1)," with a declaration in support. (ECF No. 51.) In that motion, Plaintiff refers to and renews his request for an injunction staying his court-ordered involuntary medication, filed on September 18, 2017. (*Id*.)

On October 13, 2017, Plaintiff filed another motion entitled, "Motion for Protective Order pursuant to Fed. R. Civ. P. 26(c)(1)," with a declaration in support. (ECF No. 54.) Like the previous motion, it also refers to and renews his prior request to stay his court-ordered involuntary medication. (*Id*.)

On October 31, 2017, Defendant Grewal filed an opposition to Plaintiff's motions for protective orders seeking to stay or discontinue his court-ordered involuntary medication. (ECF No. 64.) On November 2, 2017, Defendants Clausell, Depovic, and Marchak joined in Defendant Grewal's opposition to Plaintiff's motion seeking a preliminary injunction. (ECF No. 69.)

On November 2, 2017, Plaintiff filed another motion for a protective order, renewing his prior request to stay his court-ordered involuntary medication. (ECF No. 70.) On November 6, 2017, Plaintiff filed another motion for a preliminary injunction, with a declaration in support, again seeking to stay his court-ordered involuntary medication. (ECF No. 71.)

On November 13, 2017, Plaintiff filed a motion to strike Defendants Clausell, Depovic, and Marchak's joinder in Defendant Grewal's opposition to Plaintiff's motion seeking a preliminary injunction. (ECF No. 73.) This motion essentially replies to the arguments raised by Defendants in opposition to his request for a preliminary injunction.[3]

///

---

[2] Plaintiff objects to Defendant Grewal filing any opposition to his motion because she has not yet filed an answer. (ECF Nos. 58, 75.) Defendant Grewal responds that Plaintiff's motion is directed at her and all Defendants, that she has appeared and subjected herself to the Court's jurisdiction, and that she intends to answer when the Court rules upon her request for an extension of time to answer. (ECF Nos. 67, 95.) The Court finds no grounds to strike or disregard Defendant Grewal's opposition.

[3] The request to strike was denied by a separate order, but in light of Plaintiff's *pro se* status, his arguments in reply are liberally construed and considered by the Court here.

On November 22, 2017, Defendant Grewal filed an opposition to Plaintiff's November 2, 2017 motion for a protective order. (ECF No. 88.) On November 27, 2017, Defendant Grewal filed an opposition to Plaintiff's November 6, 2017 motion for a preliminary injunction. (ECF No. 93.)

Plaintiff's motions are deemed submitted, without oral argument. Local Rule 230(l).

## II. Discussion

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id*. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id*. at 22 (citation omitted).

"[A] court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." *Zenith Radio Corp. v. Hazeltine Research, Inc*., 395 U.S. 100, 110 (1969); *SEC v. Ross*, 504 F.3d 1130, 1138–39 (9th Cir. 2007). Similarly, the pendency of this action does not give the Court jurisdiction over prison officials in general or over Plaintiff's litigation issues. *Summers v. Earth Island Institute*, 555 U.S. 488, 492-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 492-93; *Mayfield*, 599 F.3d at 969.

In this case, Plaintiff seeks an injunction staying his involuntary medication while this case is pending. He asserts that he is harmed by suffering negative side effects from being medicated, including blurred-vision, headaches, chest pain, and dizziness. He further asserts that he cannot get the relief he seeks through his prison's administrative grievance process because he is being medicated under a 2602 court order by an Administrative Law Judge ("ALJ"). Plaintiff also argues that if he is called upon to testify, such as in a deposition, there is "no way of telling what he might say under oath" due to his medication side effects.

Plaintiff is currently housed at R.J. Donovan Correctional Facility in San Diego, California, and his medication is therefore being administered by persons who are not parties in this case at his

current institution. Defendants in this case were employed at California State Prison, Corcoran, when he was housed there, and from which he has since been transferred. "[A] court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110, 89 S. Ct. 1562 (1969); *S.E.C. v. Ross*, 504 F.3d 1130, 1138-39 (9th Cir. 2007). Thus, the Court has no jurisdiction to issue an injunction against the unnamed non-parties to this action who are currently involved in the administration of Plaintiff's medication. And, to the extent he seeks to enjoin Defendants, now that Plaintiff has been transferred, his request for injunctive relief against Defendants is now moot, as those officials are no longer involved in his involuntary medication. *See Holt v. Stockman*, 2012 WL 259938, *6 (E.D. Cal. Jan. 25, 2012) (a prisoner's claim for injunctive relief is rendered moot when he is transferred from the institution whose employees he seeks to enjoin); *see also Andrews v. Cervantes*, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007).

The Court further finds that Plaintiff has not made the clear showing necessary to obtain injunctive relief in this matter. Although the Court has found that he has stated a cognizable claim based on his allegations, those allegations alone are insufficient to show a likelihood of success on the merits, that he is likely to suffer irreparable harm absent injunctive relief, that the balance of equities tip in his favor, or that the relief sought is in the public interest. In support of their opposition to this motion, Defendants submitted for judicial notice copies of orders and decisions on petitions for a judicial determination regarding Plaintiff's involuntary medication, and related documents. "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). At this time, the Court does not recommend taking judicial notice of these documents, but they inform the Court that Plaintiff's involuntary medication was issued by an ALJ pursuant to a quasi-judicial proceeding, and his assertions that the proceedings were unfair are insufficient to show his likelihood of success on the merits.

///

///

4

Finally, the Court does not find Plaintiff's vague assertions that his medication side effects may affect his ability to testify at some time in this matter sufficient to support his request for injunctive relief here.

### III. Conclusion

Further, for the reasons explained above, it is HEREBY RECOMMENDED that Plaintiff's motions for a preliminary injunction (ECF Nos. 39, 51, 54, 70, 71) be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 2, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE