# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>Plaintiff,<br><br>v.<br><br>M. MARCHAK, et al.,<br><br>Defendants. | Case No.: 1:14-cv-01689-LJO-BAM (PC)<br><br>ORDER REGARDING PLAINTIFF'S MISCELLANEOUS MOTIONS AND THE PARTIES MOTIONS CONCERNING DISCOVERY<br>[ECF Nos. 43, 44, 53, 55, 57, 61, 72, 74, 79, 81, 82, 85, 90, 92, 96, 97, 104, 105, 108, 119, 126, 131, 132, 133, 135, 136, 144, 149, 157, 170, 188, 189, 195, 196, 197, 198, 200, 201, 204, 205, 208, 209, 210, 222, 228, 229, 230, 234, 241, 247, 255, 257, 258, 259, 260, 269, 270, 271, 272, 273, 274, 275, 276, 277, 285, 286]<br><br>ORDER AMENDING DISCOVERY AND SCHEDULING ORDER<br><br>ORDER ADMONISHING PLAINTIFF RE NUMEROUS MOTIONS |

## I. Introduction

Plaintiff Raymond Alford Bradford is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's second amended complaint against Defendants Marchak, Grewal, Depovic, and Clausell for the unnecessary and wanton infliction of pain in violation of the Eighth Amendment. (ECF No. 21.)

Plaintiff has filed numerous motions that this Court will address in more detail, below. Further, the Court gives Plaintiff a second express, written warning concerning repetitive, misnamed, onerous, overlapping, and otherwise harassing filings.

The Court also addresses the parties' pending discovery disputes, and amends the discovery and scheduling order as a result.

**II.     Plaintiff's Motions for Summary Judgment**

Plaintiff has filed several motions for summary judgment and related filings, which he has repeatedly renewed. (ECF Nos. 43, 44, 53, 57, 81, 104, 105, 132, 149, 170, 188, 189, 209, 210, 228, 230, 234, 241.) Defendants have submitted oppositions to Plaintiff's motions for summary judgment and declarations in support, discussing that discovery is not yet complete, including because Plaintiff has refused to be deposed (discussed in more detail, below).

Therefore, Plaintiff's motions for summary judgment and related motions are denied, without prejudice, as premature. *See* Fed. R. Civ. P. 56(d) (if nonmovant shows that it cannot present facts essential to justify opposition, the court may deny motion for summary judgment).

**III.    Plaintiff's Motions for Default Judgment**

Plaintiff has filed several motions seeking entry of default, and related motions, alleging that Defendant S. Grewal has failed to appear in this case. (ECF Nos. 74, 85, 96, 119, 157, 195, 196, 201, 208.)

Defendant Grewal sought an extension of time to answer the second amended complaint while Plaintiff's motion for leave to amend that pleading was pending. The Court found good cause for Defendant Grewal's request, and ordered her to respond within fourteen (14) days of the ruling on that motion. (ECF No. 256.) In the meantime, Defendant Grewal filed oppositions and other filings, and otherwise indicated an intent to defend this action. Finally, on April 12, 2018, Defendant Grewal filed an answer. (ECF No. 283.)

Thus, the Court finds that because Defendant Grewal has not failed to answer or otherwise defend this action, entry of default is not appropriate, and Plaintiff's motions shall be denied.

**IV.    Plaintiff's Motions to Strike**

Plaintiff has filed several motions to strike Defendants' filings. (ECF Nos. 247, 271, 272, 273, 274, 275, 276, 277.) Plaintiff states, without further explanation, that the filings should be struck as without merit, untimely, redundant and immaterial. Contrary to Plaintiff's assertions, the Court does not find any grounds to strike Defendants' filings. As has been previously explained to Plaintiff, the

mere fact that he disagrees with Defendants' arguments or defenses is not sufficient grounds to strike their filings. As a result, Plaintiff's motions to strike are denied. The Court will not further entertain such motions to strike, and any future such motion will be summarily denied.

## V. Parties' Discovery Motions

The parties have filed many discovery-related motions pertaining to disputes between them, and motions for sanctions related to discovery matters. The Court will address them here.

### A. Plaintiff's Motions

Plaintiff has filed multiple motions to compel discovery responses and motions for sanctions related to discovery issues. In Plaintiff's first motion to compel, he sought to compel certain discovery responses before Defendants' deadlines to respond had passed. (ECF No. 55) Therefore, his motion was premature, and shall be denied on that basis. (*See, e.g.*, ECF Nos. 55, 65.) Next, Plaintiff filed a series of piecemeal, successive motions regarding issues with responses to his first and second set of interrogatories and requests for production to Defendants. Several of these motions were also premature because Plaintiff sought discovery responses before the deadline to respond had passed. Plaintiff otherwise complained of not receiving properly signed or verified responses, and sought sanctions as a result. (ECF Nos. 90, 92, 97, 126, 131, 133, 135, 198, 204, 205, 222, 229, 255, 257, 258, 259, 260, 285, 286.)

In large part, Plaintiff's motions were premature or are moot, as the motions were either prematurely filed, or later submissions show that verified responses were provided. Plaintiff asserts that he was prejudiced by the "delay" in receiving appropriate responses, but no prejudice has been shown. Plaintiff also sought responses to certain interrogatories, but he had served more than the twenty-five (25) interrogatories per party permitted by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 33(a)(1). He cannot do so without the Court's permission, and as no permission was granted here, he cannot compel responses to those interrogatories that were over the limit.

Accordingly, Plaintiff's motions to compel are denied, as he has not met his burden to compel any further responses. Further, the Court does not find any grounds to sanction any Defendant or

1 defense counsel for the failure to provide discovery under Federal Rule of Civil Procedure 37(b).[1]

**B. Defendants' Motions**

On January 12, 2018, Defendants served a notice of Deposition and Request for Production of Documents on Plaintiff. (Wilson Decl. & Ex. A, Notice of Deposition, ECF No. 197-2, 1-12.) On January 22, 2018, Plaintiff filed an objection, stating that the documents sought were equally available to Defendants. (ECF No. 136.) Regarding the deposition, Plaintiff declared in support of his objection that health matters prevented him from sitting through a deposition; specifically, due to colitis flare-ups. (*Id*.) The parties met and conferred, and agreed that Plaintiff's deposition would take place on January 29, 2018, at the R.J. Donovan Correctional Facility in San Diego, California, where Plaintiff is housed.

Defense counsel conducted Plaintiff's deposition on the date scheduled. However, the deposition only lasted a minute or a few minutes. Prior to it beginning, Plaintiff indicated that he would only answer one question from each defense counsel. (Wilson Decl. ¶ 7.) A certified deposition transcript submitted by Defendants shows that Plaintiff answered one question by the first defense counsel about how many times he had previously given sworn testimony, and then turned to the other defense counsel, stating "Next Question. Your turn." (Pl.'s Jan. 29, 2018 Depo., ECF No. 197-2, 4:11-16.) Counsel objected and attempted to speak, and Plaintiff then refused to proceed, stating "We're done, sir." (*Id*. at 4:17-22.) When counsel asked if Plaintiff was leaving, Plaintiff replied that he "don't feel good" and "I can't sit here and tolerate the riff-raff and shenanigans." (*Id*. at 4:23-5:1.) Plaintiff then stated that he would "be back tomorrow," and exited the deposition. (*Id*.)

Defendants submitted a declaration from a registered nurse at Plaintiff's institution stating that she met with him after his deposition and he refused to be treated, stating that he was "okay" and expressing no health complaints, and that he appeared to be alert, oriented, and showed no signs of distress. (Wallace Decl., ECF No. 197.) Defense counsel incurred significant costs and expenses travelling and preparing for the deposition. (Wilson Decl. ¶¶ 9-11.) Based on the foregoing,

---

[1] Defendants Clausell, Depovic, and Marchak also sought an extension of time to respond to three of Plaintiff's motions, with a declaration in support, due to scheduling conflicts and other matters, and to allow them to fully address Plaintiff's motions. (ECF No. 108.) For good cause shown, the request is granted, and Defendants' opposition is deemed timely filed, *nunc pro tunc*, over Plaintiff's objection.

Defendants filed a motion to compel and for sanctions, including terminating sanctions, based on Plaintiff's refusal to participate in discovery. (ECF No. 197.)

In response, Plaintiff filed motions in opposition and seeking sanctions against defense counsel. (ECF Nos. 269, 270.) Plaintiff agrees that his deposition was scheduled for January 29, 2018, and admits that he left his deposition early, but stated that he "agreed" to return the next day, although defense counsel objected. He asserts in his declaration in support that whether he "stayed late or decided to leave early, feeling sick or what have you" is "irrelevant" so long as he intended to return the next day. (Pl.'s Decl., ECF Nos. 269 & 270, at 9-10 ¶ 4.)

Depositions are governed by Federal Rule of Civil Procedure 30, which states in pertinent part that "[a] party may, by oral questions, depose any person, including a party, without leave of court. . . ." Fed. R. Civ. P. 30(a)(1). Under Rule 30(d)(2), the court may impose sanctions for impeding, delaying, or frustrating the fair examination of the deponent.

Based on the submissions in this case, Plaintiff has willfully refused to be deposed, impeding this litigation. As the Plaintiff, Defendants are entitled to take his deposition, and he has unreasonably refused to comply. Although Plaintiff should be provided adequate breaks and his health issues appropriately accommodated, there is no indication that he requested any break or that his health prevented him from being deposed. Instead, he attempted to control the deposition by asserting that he would only answer one question, and then left his deposition. This failure to participate in discovery is in violation of Fed.R.Civ.P. 30 and 37. Plaintiff's discovery obligation under the Federal Rules of Civil Procedure does not permit him to abdicate his responsibility to attend and meaningfully participate in his deposition.

Accordingly, the Court will require the parties to meet and confer, and agree on a date for Plaintiff's deposition, to be taken on or before **June 18, 2018**. Plaintiff's deposition shall take place on a single day and shall be limited to seven (7) hours, with reasonable breaks. Fed. R. Civ. P. 30(d)(1). While a close question at this juncture, the Court declines to impose sanctions or terminating sanctions on the motion currently pending. If Plaintiff fails to cooperate in his deposition, or fails to show up on the date mutually selected, the Court will issue findings and recommendations recommending that this action be terminated for Plaintiff's failure to obey a court order and failure to cooperate in discovery.

*See* Fed. R. Civ. P. 37(b)(2)(a)(v).

### C. Amended Discovery and Scheduling Order

Based on the discovery disputes and other pending motions, Defendants seek amendment of the discovery and scheduling order, including an extension of the deadline to file a motion for summary judgment for the failure to exhaust administrative remedies, and extension of the discovery deadline, and an extension of the dispositive motion deadline. (ECF Nos. 79, 281.) Defendant Grewal has also filed two motions to compel (ECF Nos. 279, 280) that are still being briefed.

The Court finds good cause for the requested extensions of time. Accordingly, the discovery and scheduling order is amended as follows: the deadline for the completion of any **pending** discovery, including filing all motions to compel and the taking of Plaintiff's deposition, as discussed above, is **June 18, 2018**; the deadline for filing motions for summary judgment under Federal Rule of Civil Procedure 56 for failure to exhaust administrative remedies is **July 18, 2018**; and the deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) is **September 17, 2018**.

Defendants seek for the discovery deadline to be amended only as to them. However, in an abundance of caution and in the interests of justice and judicial economy, the Court will allow Plaintiff to complete any **pending** discovery by the extended deadline. Further, Plaintiff may file **one (1)** motion to compel, if necessary, by the **June 18, 2018** date, seeking any and all discovery-related relief that he requires. Successive repetitive motions will not be permitted.

## VI. Other Motions

In addition to the above-discussed groups of motions, Plaintiff has filed several other miscellaneous motions seeking a variety of relief, that the Court will address here.

### A. Motion for Guardian Ad Litem

Plaintiff filed a motion seeking the appointment of a guardian ad litem. (ECF No. 61.) Federal Rule of Civil Procedure 17(c) requires a court to "appoint a guardian ad litem-or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). "A party proceeding *pro se* in a civil lawsuit is entitled to a competency determination when substantial evidence of incompetence is presented." *Allen v. Calderon*, 408 F.3d

1150, 1153 (9th Cir. 2005). In determining whether substantial evidence of incompetence is presented, the district court may consider sworn declarations from the *pro se* party or other inmates, sworn declarations or letters from treating psychiatrists or psychologists, and the inmate's medical history. *Id*. at 1152-54.

A person's capacity to sue is measured by the standard of the law of his domicile, Fed. R. Civ. P. 17(b)(1); in this case, California state law. "In California, a party is incompetent if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case." *Golden Gate Way, LLC v. Stewart*, 2012 WL 4482053, at *2 (N.D. Cal. Sept. 28, 2012) (citations omitted).

In this case, Plaintiff has not presented sufficient evidence to warrant any competency determination. He has submitted a declaration that his medication causes him to feel sedated and sleepy, but the Court has repeatedly found, and the record reflects, that he is adequately able to articulate his claims and has very actively litigated this action. Further, the *Keyhea* orders that Plaintiff attached to his motion in support further show that the administrative law judges ("ALJ") repeatedly allowed Plaintiff to represent himself in those proceedings. Therefore, his motion is denied.

**B. Motion for Court-Appointed Experts**

Plaintiff also filed a motion seeking a panel of three court-appointed medical experts to conduct an evaluation of him and his medical records. (ECF No. 62.) Federal Rule of Evidence 706 authorizes courts, within their discretion, to appointment a neutral, independent expert witness. Fed. R. Evid. 706(a); *Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999). The appointment of such an expert witness may be appropriate when "scientific, technical, or other specialized knowledge will assist the trier-of-fact to understand the evidence or decide a fact in issue." *Ledford v. Sullivan*, 105 F.3d 354, 358-59 (7th Cir. 1997).

Plaintiff has not identified any pending motion for which expert assistance is needed, nor does the Court find that any expert witness is needed to evaluate any scientific, technical or other specialized information in support of any currently pending motion. Thus, Plaintiff's motion for the appointment of a neutral expert witness is, at the very least, premature. *See Vanderbusch v. Chokatos*, No. 1:13-cv-01422-LJO-EPG, 2017 WL 4574121, at *1 (E.D. Cal. Oct. 13, 2017) (plaintiff's request

for an expert witness denied because a trial date had not yet been scheduled); *Flournoy v. Maness*, No. 2:11-cv-02844-KJM-EFB, 2016 WL 6493970, at *1 n.1 (E.D. Cal. Nov. 2, 2016) (declining to appoint a medical expert because "there are no pending motions for summary judgment at this time").

Therefore, Plaintiff's motion for appointment of an expert witness will be denied, without prejudice, as premature.

### C. Motion for Law Library Access

Plaintiff filed a motion for access to the law library to allow him to do research and use their services, stating that he anticipated difficulty meeting the deadlines in the discovery and scheduling order. (ECF No. 72.) Based on the numerous filings in this case and a declaration filed by the librarian at Plaintiff's institution, (ECF No. 197-3), Plaintiff has ample access to the law library and copying services. Therefore, his motion is denied, as unnecessary and moot.

### D. Motion for Rule 11 Sanctions

Plaintiff has filed a motion for Rule 11 sanctions on the basis that Defendants have not conceded that his claims are meritorious, which he deems "harassment." (ECF Nos. 82).

"Rule 11 is intended to deter baseless filings in district court and imposes a duty of 'reasonable inquiry' so that anything filed with the court is 'well grounded in fact, legally tenable, and not interposed for any improper purpose.'" *Islamic Shura Council of Southern California v. F.B.I.*, 757 F.3d 870, 872 (9th Cir. 2014) (per curiam) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 110 S. Ct. 2447 (1990)). That Defendants have answered Plaintiff's claim and are defending this action does not, in and of itself, constitute grounds for sanctions. Plaintiff has not demonstrated that Defendants or defense counsel have made baseless or frivolous filings for an improper purpose in this action. Defendants are entitled to defend this action and not concede that Plaintiff's claims are meritorious. Therefore, the Court finds no basis for the imposition of Rule 11 sanctions against Defendants or defense counsel.

### E. Motion for Settlement Conference

Plaintiff filed a motion for a court-ordered settlement conference. (ECF No. 144.) Defendants oppose the motion, stating that it would not be beneficial. Based on the foregoing, the Court finds that it is not appropriate to schedule a settlement conference. The parties are encouraged to engage in

reasonable settlement negotiations between themselves, if possible. Should the parties agree that their negotiations would benefit from the assistance of the Court, defense counsel may contact the undersigned's Courtroom Deputy, Harriet Herman, to request a judge-led settlement conference.

**VII.    Repetitive, Duplicative, and Harassing Filings**

Plaintiff has filed numerous repetitive, misnamed, onerous, overlapping, and otherwise harassing filings in this action, almost daily. Such filings waste the Court's limited resources and delay the resolution of this action. Defendants have also been forced to file numerous oppositions regarding Plaintiff's filings. The Court has previously expressly warned Plaintiff that filing baseless motions, needlessly multiplying the proceedings, wasting judicial resources, or otherwise submitting filings in bad faith or to harass will subject a party to sanctions. (ECF No. 266.) The Court simply does not have the resources to respond to such motions and therefore will impose restrictions on Plaintiff's right to file.

Plaintiff is expressly warned that the Court will summarily strike any future improper filings. Plaintiff must limit his filings to those issues which require resolution by the Court. Related matters **must be addressed in a single filing** stating all the relief sought. Once a motion is filed seeking certain relief, no additional motions may be made until the original motion is ruled upon by the Court, which will take time based upon the volume of cases this Court handles. Violation of any additional court orders or rules, or future baseless and harassing filings, will subject Plaintiff to sanctions, up to and including termination of this case, if necessary.

The Court will specifically entertain no further filings from Plaintiff regarding discovery matters, based on his repeated harassing, meritless motions discussed above, except the **one** (**1**) motion to compel he has been granted leave to file, as explained above.

Further, Defendants are relieved from the obligation to respond to any baseless, duplicative, repetitive or otherwise harassing filings. Defendants and defense counsel are not precluded, however, from objecting to or opposing any filing as required by the Federal Rules of Civil Procedure, the Local Rules, or by the Rules of Professional Conduct.

**VIII.    Conclusion**

For the reasons explained above, the Court HEREBY ORDERS that:

1. Plaintiff's motions for summary judgment and related filings (ECF Nos. 43, 44, 53, 57, 81, 104, 105, 132, 149, 170, 188, 189, 209, 210, 228, 230, 234, 241), are denied, without prejudice;

2. Plaintiff request for entry of default against Defendant S. Grewal for the failure to appear and defendant, and related motions, (ECF Nos. 74, 85, 96, 119, 157, 195, 196, 201, 208) are denied;

3. Plaintiff motions to strike Defendants' filings (ECF Nos. 247, 271, 272, 273, 274, 275, 276, 277, 285, 286), are denied;

4. Plaintiff's motions to compel and related motions for sanctions (ECF Nos. 55, 90, 92, 97, 126, 131, 133, 135, 198, 204, 205, 222, 229, 255, 257, 258, 259, 260), are denied;

5. Defendants' motion for an extension of time to respond to Plaintiff's discovery motions (ECF No. 108) is granted;

6. Defendant Grewal's motion to compel Plaintiff's attendance at his deposition and for sanctions, as joined (ECF Nos. 197, 200), is granted in part, as discussed above;

7. Plaintiff's objections and motion regarding the notice of deposition and Defendants' motion to compel his attendance at his deposition (ECF Nos. 136, 269, 270) are overruled and denied;

8. Plaintiff filed a motion seeking the appointment of a guardian ad litem (ECF No. 61), is denied;

9. Plaintiff's motion for court-appointed medical experts (ECF No. 62), is denied, without prejudice, as premature;

10. Plaintiff's motion for access to the law library (ECF No. 72), is denied;

11. Plaintiff's motion for Rule 11 sanctions (ECF Nos. 82), is denied;

12. Plaintiff's motion for a court-ordered settlement conference (ECF No. 144), is denied;

13. Defendants' motions to amend the discovery and scheduling order (ECF Nos. 79, 281) are granted;

14. The August 10, 2017 discovery and scheduling order is amended, as follows: the deadline for the completion of any pending discovery, including filing all motions to compel and the taking of Plaintiff's deposition, as discussed above, is **June 18, 2018**; the deadline for filing motions for summary judgment under Federal Rule of Civil Procedure 56 for failure to exhaust administrative

remedies is **July 18, 2018**; and the deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) is **September 17, 2018**;

15. Plaintiff may file **one (1)** motion to compel, if necessary, by the **June 18, 2018** discovery deadline seeking any and all discovery-related relief that he requires; and

16. **<u>Plaintiff is expressly warned that the failure to cooperate in selecting the date for and meaningfully participating in his deposition, or the continued filing of numerous repetitive, misnamed, onerous, overlapping, and otherwise harassing filings in this action, will result in a recommendation to dismiss this action</u>**.

IT IS SO ORDERED.

Dated: **April 16, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE