# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>  Plaintiff,<br><br>v.<br><br>M. MARCHAK, et al.,<br><br>  Defendants. | Case No.: 1:14-cv-01689-LJO-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26(C)<br>[Doc. 316]<br><br>ORDER REQUIRING RESPONSE FROM DEFENDANTS WITHIN FOURTEEN (14) DAYS |

Plaintiff Raymond Alford Bradford is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for a protective order pursuant to Federal Rule of Civil Procedure 26(c) and declaration in support, filed on April 27, 2018. (Doc. 316.)

**I.    Background**

As the parties are aware of the lengthy history of this matter, the Court will only briefly summarize the pertinent background regarding this motion.

On January 12, 2018, Defendants served a notice of Deposition and Request for Production of Documents on Plaintiff. (Wilson Decl. & Ex. A, Notice of Deposition, Doc. 197-2, 1-12.) On January 22, 2018, Plaintiff filed an objection that health matters prevented him from sitting through a deposition; specifically, due to colitis flare-ups. (Doc. 136.) The parties met and conferred, and agreed that Plaintiff's deposition would take place on January 29, 2018, at the R.J. Donovan Correctional Facility in San Diego, California, where Plaintiff is housed. As discussed in this Court's April 16,

2018 order, Plaintiff failed to cooperate in his deposition, which lasted only a minute or a few minutes, causing defense counsel to incur significant costs and expenses travelling and preparing for the deposition. (Doc. 287.) Defendants filed a motion to compel and for sanctions, including terminating sanctions, based on Plaintiff's refusal to participate in discovery. (Doc. 197.)

The Court issued an order on April 16, 2018, finding that Plaintiff willfully refused to be deposed, impeding this litigation. The Court declined to recommend sanctions at that juncture, but required that Plaintiff attend his deposition, to take place on a single day, and to be limited to seven (7) hours, with reasonable breaks. Fed. R. Civ. P. 30(d)(1). The parties were ordered to meet and confer and agree on a date for Plaintiff's deposition, to be taken on or before June 18, 2018.

## II. Motion for Protective Order

Now, as stated above, Plaintiff has filed a motion for protective order, pursuant to Federal Rule of Civil Procedure 26(c). Plaintiff asserts that he his colitis flare-ups, incontinence, and leg ulcers prevent him from sitting in his deposition for any length of time beyond a few minutes. Therefore, he seeks to be given two weeks, or fourteen (14) days, to complete the deposition, allowing him to maintain his regular schedule of medical treatments, lunches, bathroom breaks, and other matters, while being deposed. Plaintiff also declares that he does not believe any deposition of him is necessary, and that "even with 10 depositions it will not change the outcome nor the facts in the record." (Pls.' Decl., Doc. 316, at 6 ¶1.)

The Court does not find good cause to grant Plaintiff's request, or to otherwise excuse him from being deposed. His request that his deposition occur over a fourteen-day period is excessive and unduly burdensome. Plaintiff has declared that he wears diapers and needs breaks for changing them, and may necessitate leg elevation due to circulation issues or swelling. The Court finds that reasonable accommodations can be made for Plaintiff's health issues, meals, and bathroom breaks in the ordinary course of conducting a single-day deposition. If the parties find themselves unable to complete a single-day deposition in good faith, they may agree to reasonably extend the time, or seek court intervention if necessary. *See* Fed. R. Civ. P. 30(d)(1). Plaintiff is required under the rules to submit to a deposition.

Accordingly, the Court again directs the parties to meet and confer to schedule Plaintiff's deposition to be taken on or before June 18, 2018. Defendants shall inform the Court within fourteen (14) days whether the parties were able to come to an agreement and schedule Plaintiff's deposition, or whether the Court should consider sanctions in this matter, including terminating sanctions.

### III. Conclusion

For the reasons explained above, the Court HEREBY ORDERS that:

1. Plaintiff's motion for a protective order, filed on April 27, 2018 (Doc. 316), is denied;
2. The parties shall meet and confer to schedule Plaintiff's deposition to be taken on or before **June 18, 2018**; and
3. Defendants shall inform the Court within **fourteen (14) days** whether the parties were able to come to an agreement and schedule Plaintiff's deposition, or whether the Court should consider sanctions in this matter.

IT IS SO ORDERED.

Dated: **May 4, 2018**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE