**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAYMOND ALFORD BRADFORD, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> M. MARCHAK, ) <br> ) <br> Defendants. ) <br> ) <br> ) | Case No.: 1:14-cv-1689-LJO-BAM (PC) <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL TO ASSIST PLAINTIFF WITH DEPOSITION <br><br> (Doc. 319) |

Plaintiff Raymond Alford Bradford is state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for the appointment of counsel to assist Plaintiff with deposition, filed on May 2, 2018. (Doc. 319.)

As Plaintiff has been previously informed, he does not have a constitutional right to appointed counsel in this action. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). The court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. §1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a

district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id*. (internal quotation marks and citations omitted).

In this case, the Court does not find the required exceptional circumstances for the appointment of counsel. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. A review of the record in this case shows that Plaintiff can articulate his claim and arguments, and the legal issue he proceeds upon is not complex. Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.

Plaintiff asserts that he requires counsel to assist with his deposition as the Court has ordered the parties to meet and confer to agree on setting a date for his deposition. The Court found that Plaintiff willfully refused to be deposed at his prior scheduled deposition, but the record reflects that he can be deposed and had originally agreed to be deposed. (Doc. 287.) On May 4, 2018, the Court also denied Plaintiff's recent motion for a protective order, confirming that he is required to submit to a deposition, which must occur no later than June 18, 2018. (Doc. 320.) The Court does not find any exceptional circumstances that would require counsel for Plaintiff for the taking of his deposition, upon consideration of the record and the factors discussed above.

Accordingly, Plaintiff's motion for the appointment of counsel to assist Plaintiff with deposition, (Doc. 319), is HERBY DENIED.

IT IS SO ORDERED.

Dated: **May 9, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE