# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD, | Case No.: 1:14-cv-1689-LJO-BAM (PC) |
| Plaintiff, | ORDER OVERRULING PLAINTIFF'S OBJECTION TO ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER |
| v. | |
| M. MARCHAK, | |
| Defendants. | (Doc. 323) |

Plaintiff Raymond Alford Bradford is state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On May 4, 2018, the Court denied Plaintiff's motion for a protective order pursuant to Federal Rule of Civil Procedure 26(c), in which he sought either to be relieved of the obligation to be deposed in this case, or to have a deposition lasting fourteen (14) days. (Doc. 320.) Currently before the Court is Plaintiff's objection to that order, filed on May 16, 2018. (Doc. 323.)

Plaintiff objects that earlier when he attended his first deposition, which did not proceed, he did so because he felt pressured to attend a deposition that he in fact had no intention of participating in because of his health issues. Plaintiff seeks reconsideration of the prior ruling.

Plaintiff's objection is overruled. Defendants are entitled to depose Plaintiff to obtain discovery in this case. *See* Fed. R. Civ. P. 30(a)(1) (a party may depose any person, including a party, without leave of court). *See also* Aug. 10, 2017 discovery and scheduling order, Doc. 27 at ¶ 3 (authorizing Defendants to depose Plaintiff and any other incarcerated witness upon serving a notice under Fed. R. Civ. P. 30(b)(1)).

1

The Court considered Plaintiff's request for a protective order and evaluated the record, including medical records Plaintiff has submitted in support of his requests. (*See, e.g.*, Doc. 70, at 60; Doc. 136, at 21.) These records support that Plaintiff has been diagnosed with deep venous thrombosis in the leg and ulcerative colitis, along with other medical and mental health issues, and that he is receiving treatment for these conditions. Nevertheless, it appears that Plaintiff's conditions can be accounted for with reasonable breaks and accommodations in a single-day deposition. Plaintiff has not shown otherwise.

Plaintiff has now repeatedly objected to the taking of his deposition because he does not think it serves a purpose, and because he has made serious allegations in this matter. The fact that Plaintiff has done what every plaintiff in a civil action does—filed a complaint setting forth his claims and allegations—does not excuse him from appearing for his properly noticed deposition. Rather, as the plaintiff of this case, he is obligated to attend and meaningfully participate in his deposition.

Federal Rule of Civil Procedure 37 authorizes the court to impose sanctions based on a party's failure to attend his own deposition. Fed. R. Civ. P. 37(d)(1)(A). Sanctions may include dismissal of this action in its entirety. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi). The district court has broad discretion in imposing sanctions under Rule 37. *Payne v. Exxon Corp*., 121 F.3d 503, 507 (9th Cir. 1997). If Plaintiff wishes to choose not to attend his deposition in this case, he may file a motion to voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41. Otherwise, Plaintiff's lack of attendance and any failure to meaningfully participate and cooperate in the taking of his deposition will result in a recommendation for terminating sanctions in this matter.

Accordingly, Plaintiff's objection to the Court's order denying his motion for a protective order (Doc. 323) is HEREBY OVERRULED.

IT IS SO ORDERED.

Dated: **May 17, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

2