# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>    Plaintiff,<br><br>v.<br><br>M. MARCHAK,<br><br>    Defendants. | Case No.: 1:14-cv-1689-LJO-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STAY PROCEEDINGS PENDING OUTCOME OF EXTRAORDINARY WRIT OF MANDAMUS<br><br>(Doc. 331) |

Plaintiff Raymond Alford Bradford is state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to stay proceedings pending the outcome of his petition for an extraordinary writ of mandamus, filed on June 11, 2018. (Doc. 331.) In the motion, Plaintiff seeks a stay of this action pending the outcome of his petition for an extraordinary writ of mandamus filed in the Ninth Circuit Court of Appeals on February 26, 2018, Case No. 18-70543. Defendants have not responded to the motion, but the Court finds no response is necessary. Local Rule 230(l).

"The district court does not lose jurisdiction over a case merely because a litigant files an interlocutory petition for an extraordinary writ." *Ellis v. U.S. Dist. Court*, 360 F.3d 1022, 1023 (9th Cir. 2004). Accordingly, it is within the district court's discretion whether to stay the case pending the resolution of a Writ of Mandamus. *Louen v. Twedt*, No. CV–F–04–6556 OWW SMS, 2006 WL 2320564, at *3 (E.D. Cal. Aug. 10, 2006) (citing *Woodson v. Surgitek*, 57 F.3d 1406, 1416 (5th Cir. 1995) ("If the district court or the court of appeals finds it appropriate to stay proceedings while a

1

petition for mandamus relief is pending, such a stay may be granted in the court's discretion.")). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

In this case, the Court finds no cause for the stay of proceedings that Plaintiff seeks. On May 22, 2018, the Ninth Circuit Court of Appeals reviewed Plaintiff's petition for writ of mandamus and accompanying documents, and denied the writ. (Doc. 327.) An order discussing that matter and denying the writ was issued that day, and the order further stated that no motions for reconsideration, rehearing, clarification, or any other submissions regarding that order would be entertained. (*Id*. at 2.) Therefore, Plaintiff's request for a stay is moot, as the outcome of his petition for an extraordinary writ has been determined, and the writ was denied.

For these reasons, Plaintiff's request for a stay of proceedings is HEREBY DENIED, as moot. Plaintiff is reminded that his response to Defendants' motion for terminating sanctions remands due on or before **July 13, 2018**.

IT IS SO ORDERED.

Dated: **June 13, 2018**           /s/ *Barbara A. McAuliffe*
                              UNITED STATES MAGISTRATE JUDGE